UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL K.,

                         Plaintiff,

            v.

KILOLO KIJAKAZI,[1] Commissioner of
  Social Security,

                         Defendant.
_____

**DECISION
and
ORDER**

**19-CV-861F**
(**consent**)

APPEARANCES:          LAW OFFICES OF KENNETH R. HILLER
                               Attorneys for Plaintiff
                               KENNETH R. HILLER, of Counsel
                               6000 North Bailey Avenue
                               Suite 1A
                               Amherst, New York  14226

                               TRINI E. ROSS
                               UNITED STATES ATTORNEY
                               Attorney for Defendant
                               Federal Centre
                               138 Delaware Avenue
                               Buffalo, New York  14202
                                         and
                               RICHARD W. PRUETT, and
                               MICHAEL ARLEN THOMAS
                               Special Assistant United States Attorneys, of Counsel
                               Social Security Administration
                               Office of General Counsel
                               1961 Stout Street
                               Suite 4169
                               Denver, Colorado  80294

## JURISDICTION

      On October 14, 2020, the parties to this action consented pursuant to 28 U.S.C.

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

§ 636(c) to proceed before the undersigned.  (Dkt. 17).  The matter is presently before the court on Plaintiff's motions for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, filed June 14, 2021 (Dkt. 20) ("EAJA Fee Application"), and pursuant to 42 U.S.C. § 406(b), filed August 10, 2022 (Dkt. 23) ("Fee Petition").

## BACKGROUND

Plaintiff commenced this action on June 27, 2019, pursuant to Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's applications filed with the Social Security Administration ("SSA"), on November 25, 2015, for Social Security Disability Insurance under Title II of the Act ("SSDI"), and for Supplemental Security Income ("SSI") under Title XVI of the Act (together, "disability benefits").  Opposing motions for judgment on the pleadings were filed by Plaintiff on February 14, 2020 (Dkt. 11), and by Defendant on May 14, 2020 (Dkt. 15), and in a Decision and Order filed March 12, 2021 (Dkt. 18) ("D&O"), judgment on the pleadings was granted by the undersigned in favor of Plaintiff with the matter remanded to the Commissioner for further proceedings consistent with the D&O.

On June 14, 2021, in connection with the remand, Plaintiff's counsel ("counsel") applied for fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (Dkt. 20), in the amount of $ 6,249.26 ("EAJA fee") ("EAJA Fee Application").  On June 24, 2021, the Commissioner filed a response to the EAJA Fee Application, essentially agreeing to the requested EAJA fee, but asserting the EAJA fee awarded to Plaintiff would constitute a complete bar to Plaintiff's recovering any additional EAJA fees in

connection with this action (Dkt. 22) ("EAJA Fee Application Response").  Before the court was able to act on the EAJA Fee Application, on December 22, 2021, the SSA issued a Notice of Award on Plaintiff's claim in its entirety, and on July 24, 2022, the SSA issued a Notice of Award on Plaintiff's Title II claim, granting Plaintiff disability benefits including $ 74,178 in retroactive benefits, of which 25% or $ 18,544.50 was withheld to pay Plaintiff's attorney fees.  On August 10, 2022, Plaintiff filed the instant Fee Petition (Dkt. 23) pursuant to 42 U.S.C.§ 406(b), seeking $ 18,544.50 in attorney fees based on 30.1 hours of work. (Dkt. 23-2 ¶ 13).  In response, the Commissioner asks the court to determine the reasonableness of the fee request, specifically, the hourly rate of $ 616.09 (Dkt. 25 at 6), but does not otherwise oppose the Fee Petition.  In reply (Dkt. 23), Plaintiff maintains the Fee Petition requests attorney fees paid at an hourly rate that reflects the high "risk of loss" faced by attorneys who handle social security cases like the instant case.  Dkt. 27 at 1-5.

## DISCUSSION

With regard to Plaintiff's EAJA Fee Application, the EAJA provides that "a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not substantially justified."  28 U.S.C. § 2412(d)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  EAJA fees are determined by the time expended and a capped hourly rate.  *Id*.  EAJA fees are payable to the plaintiff, but pursuant to the contingent fee agreement executed between Plaintiff

and Plaintiff's counsel ("Fee Agreement"),[2] Plaintiff is required to assign any EAJA fees awarded Plaintiff to counsel provided that Plaintiff owes no debt to the Federal Government that is subject to offset under the U.S. Treasury Offset Program ("offset provision"). Fee Agreement ¶ 7. *See Astrue v. Ratliff*, 560 U.S. 586, 594 (2010) ("EAJA fees are payable to litigants and are thus subject to offset where a litigant has outstanding federal debts."). Further, fees may be awarded pursuant to both the EAJA and the Social Security Act ("the Act"), but in such cases, counsel is required to refund to the claimant the amount of the smaller fee, up to the point the claimant receives 100 percent of the past-due benefits. 28 U.S.C. § 2412(d)(1)(A); *Gisbrecht*, 535 U.S. at 796.

In the instant case, because the Commissioner does not oppose the EAJA Fee Application, asserting only that the award of such fees should "constitute a complete release from and bar to any and all claims Plaintiff may have relating to EAJA fees and expenses in connection with this action," Dkt. 22 at 2, and as the EAJA Fee Application is properly supported by the Declaration of Kenneth R. Hiller [Esq.] in Support of Plaintiff's Application for Attorney's Fees (Dkt. 20-2), the EAJA Fee Application is GRANTED. Plaintiff is awarded EAJA fees in the amount of $ 6,249.26 which, pursuant to the Fee Agreement, Plaintiff is required to remit to counsel. Fee Agreement ¶¶ 6-7.

With regard to the Fee Petition pursuant to which Plaintiff's counsel seeks attorney fees pursuant to 42 U.S.C. § 406(b) in an amount equal to 25% of Plaintiff's past-due benefits, the Act provides, as relevant, that

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

---

[2] A copy of the Fee Agreement is filed as Dkt. 22-3

4

42 U.S.C. § 406(b)(1)(A) ("§ 406").

Here, in retaining counsel in connection with his disability benefits application, Plaintiff executed the contingent Fee Agreement providing counsel with permission to apply for fees up to 25% of any retroactive benefits awarded under § 406 if Plaintiff's disability benefits application required litigation in federal court. Fee Agreement ¶¶ 3, 6-7.

Even if the requested attorney fee does not exceed the statutory 25% cap, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. Where, as here, there exists an attorney-client contingent fee agreement, "§ 406 does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of any such arrangements as an independent check to assure that they yield reasonable results in particular cases." *Id*. Contingent fee agreements are also entitled to some deference, *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990), in the interest of assuring that attorneys continue to represent clients such as the plaintiff. *Gisbrecht*, 535 U.S. at 805. Nevertheless, contingent fee agreements "are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*. As such, "[w]ithin the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

The Second Circuit Court of Appeals has identified three factors to be considered in determining whether to approve the full amount of attorney fees requested under a contingent fee agreement, including (1) whether the requested fee is within the 25% statutory cap; (2) whether there was any fraud or overreaching in making the contingent

5

fee agreement; and (3) whether the requested fee is so large as to be a "windfall" to the attorney. *Wells*, 907 F.2d at 372. The court is also required to assess whether the requested fee is inconsistent with the character of the legal representation and the results achieved by legal counsel, as well as whether counsel effected any unreasonable delay in the proceedings to increase the retroactive benefits and, consequently, the attorney's own fee. *Joslyn v. Barnhart*, 389 F.Supp.2d 454, 456 (W.D.N.Y. 2005) (citing *Gisbrecht*, 535 U.S. at 808). Here, the Commissioner does not dispute that Petitioner may recover attorney fees for successfully representing Plaintiff on the remand to the SSA, nor does the Commissioner deny that the amount of fees Plaintiff requests, $ 18,544.50, is 25% of the past due benefits, or argue that there was any fraud or overreaching in the making of the Fee Agreement; rather, the Commissioner specifically challenges the hourly rate used to calculate the attorney fees requested in the Fee Petition, asserting that simply dividing the statutorily capped fees of 25% of the $ 74,178 in past due benefits, or $ 18,544.50, by 30.1 hours of work yields an hourly rate of pay of $ 616.09, which is more than 50% higher than the regular hourly rate of $ 400 charged by counsel and, thus, a windfall to counsel. Dkt. 25 at 3-4. Plaintiff, however, maintains the higher hourly rate is justified by the fact that because counsel provides legal representation for social security cases pursuant to the contingent Fee Agreement, and because only 52% of the social security cases result in a remand, counsel does not earn any fee for the remaining 48% of social security cases, which Plaintiff refers to as a high "risk of loss," a significant factor to be considered in evaluating the hourly fee rate, Dkt. 23-1 at 6-7; Dkt. 27 at 2-4, is supported by documentation published by the SSA showing only 50% of federal court

6

decisions in social security decisions result in remand, Dkt. 27 at 4-5, and fairly reflects the results achieved for Plaintiff.  Dkt. 23-1 at 7-8.  In short, Plaintiff maintains that because only 50% of social security cases brought in federal court result in remand, allowing counsel to obtain fees pursuant to the contingent Fee Agreement, a multiplier of 1.54% is permitted to account for the risk of loss realized for cases of which no attorney fees are recovered.  Dkt. 23-1 at 7.

When analyzing whether a fee award is reasonable or amounts to a windfall to the attorney, courts consider whether (1) the attorney's efforts were particularly successful, (2) the attorney expended effort through pleadings that were not boilerplate and arguments requiring research and issues of material fact, and (3) the attorney, based on his experience litigating Social Security matters, handled the case with efficiency.  *McDonald v. Comm'r of Soc. Sec.*, 2019 WL 1375084, at * 2 (W.D.N.Y. Mar. 27, 2019) (citing *Wargo v. Colvin*, 2016 WL 787960, at *2 (W.D.N.Y. Mar. 1, 2016)).  In the instant case, it cannot be denied that counsel's efforts in this matter were clearly successful as they resulted in an award of benefits to Plaintiff upon remand.  Plaintiff's counsel asserts he expended a total of 30.1 hours representing Plaintiff in this matter, including, *inter alia*, reviewing the decision of the Administrative Law Judge ("ALJ") denying Plaintiff benefits at the administrative level, reviewing the administrative record and medical records and other exhibits, researching legal issues involved in the case, and preparing legal arguments persuasively showing the ALJ committed legal error requiring remand.  Dkt. 23-2 at 2.  Given the amount and type of work required in this action, the hourly rate of $ 616.09 would be consistent with fees awarded in similar cases.  *See*, *e.g.*, *McDonald*, 2019 WL 1375084, at * 2-3 (approving attorney fee award

of $ 30,602.75 for 29.1 hours of work resulting in hourly rate of $ 1,051.64); *Joslyn v. Barnhart*, 389 F.Supp.2d 454, 455-56 (W.D.N.Y. 2005) (approving attorney fee award of $ 38,116.50 for 42.75 hours of work resulting in hourly rate of $ 891.61).

Further, although Defendant notes several cases where courts have reduced fees approaching $ 1,000 per hour, the reduction was attributed to the modest amount of work performed on the case.  *See*, *e.g.*, *Mitchell v. Astrue*, 2019 WL 1895060, at * 5 (E.D.N.Y. Apr. 29, 2019) (awarding attorney fees at $ 500 hourly rate where the plaintiff's attorney expended only 1.6 hours on the case before the Commissioner agreed to remand); and *Devenish v. Astrue*, 85 F.Supp.3d 634, 638 (E.D.N.Y. 2015) (awarding § 406(b) fees in amount reflecting hourly rate reduced to $ 350 from $ 1,000 where plaintiff's attorney never prepared any memorandum of law nor advanced any legal arguments because the matter was remanded to the SSA by stipulation).  In contrast, here, the record shows the Plaintiff's counsel reviewed the entire record and prepared the necessary pleadings, motions, and memoranda of law resulting in an award to Plaintiff of all benefits to which Plaintiff was entitled.

In these circumstances, the court finds the hourly rate of $ 616.09 is not unreasonable, such that the requested fees of $ 18,544.50 for 30.1 hours of work also is not unreasonable.  Plaintiff's Fee Petition is GRANTED.  Furthermore, in accordance with ¶ 7 of the Fee Agreement, Plaintiff's counsel is directed to refund to Plaintiff any EAJA fees awarded to Plaintiff pursuant to the EAJA Fee Application and remitted to counsel pursuant to the Fee Agreement.

**CONCLUSION**

Based on the foregoing, Plaintiff's EAJA Fee Application (Dkt. 20) is GRANTED with EAJA fees in amount of $ 6,249.26 awarded to Plaintiff and to be remitted to Plaintiff's counsel in accordance with the Fee Agreement provided such fees are not subject to the offset provision; Plaintiff's Fee Petition seeking attorney fees pursuant to § 406(b) (Dkt. 23) is GRANTED; Plaintiff's counsel is awarded $ 18,544.50 in fees to be paid from the funds withheld from Plaintiff's retroactive benefits award.  Plaintiff's counsel is directed to refund to Plaintiff any EAJA fees remitted by Plaintiff.
SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   October 20th, 2022
         Buffalo, New York